# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00540-RJC-DSC

| | |
|---|---|
| **DANIELLE CIRILLO** on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **CITRIX SYSTEMS INC.**, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss or Transfer Under 28 U.S.C. 1406(a) or, Alternatively, Transfer Under 28 U.S.C. § 1404(a)," Doc. 12, filed on November 13, 2020, as well as the parties' associated briefs and exhibits, Docs. 8, 12-1, 12-2, 14, 14-1, 14-2, 14-3, 14-4, 14-5, 14-6, 14-7, 14-8, 14-9, and 16.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court administratively <u>denies</u> Defendant's Motion to Dismiss Under 28 U.S.C. § 1406(a) and <u>grants</u> Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the First Amended Collective and Class Complaint, Doc. 8, as true, Plaintiff Danielle Cirillo worked as an Inside Sales Representative at Defendant Citrix Systems Inc. in Raleigh, North Carolina. <u>Id.</u> at 5. Citrix develops products enabling

1

businesses to have securely connected, unified workspaces so that employees can access and share work product safely. Id. at 5. Defendant is a Delaware corporation with its principal place of business in Fort Lauderdale, Florida. Id. at 5.

Citrix's only location in North Carolina is its Raleigh office where Cirillo worked from June 10, 2018 to January 30, 2020. Id. at 5. The "majority, if not all, of Plaintiff's work was performed at Defendant's Raleigh, North Carolina location." Id. at 8. Cirillo currently resides in Raleigh. Id. at 5. One other former employee, Sabrina Stiles, has filed a Consent to Join Suit as Plaintiff. Doc. 2. Stiles also worked in Citrix's Raleigh office. Id.

In her role as an Inside Sales Representative, Cirillo "communicate[d] with current and prospective customers regarding products developed by Defendant." Doc. 8 at 8. She worked from 8:30 a.m. to 5:30 p.m. with a one-hour, unpaid lunch break. Id. at 8. She typically arrived ten to fifteen minutes early to log onto various programs, read emails, and complete other tasks before meetings began at 8:30 a.m. Id. at 9. Cirillo often worked through her lunch break three days a week to continue assisting prospective customers and clients. Id. at 9-10. Cirillo and other sales representatives often worked up to three hours past their scheduled shift time. Id. at 10.

In January 2019, Defendant's human resources manager and other department managers held a one-hour meeting with all inside sales representatives at the Raleigh location. Id. at 11. During this meeting, Defendant "informed the Sales Representatives they would no longer be compensated on a salary basis but would be transitioned to hourly and would maintain the same commission structure." Id. at 11. Beginning in February 2019, Cirillo's manager began requiring her to perform extra work without additional compensation. Id. at 14.

In June 2019, Cirillo suffered a workplace injury at Citrix's Raleigh location and subsequently filed a worker's compensation claim. Id. at 15. Since the injury, she has been

treated by Raleigh health care professionals twice a week. Id. at 15. On October 3, 2019, Defendant approved her accommodations to work half days from home, which were later approved through February 17, 2020. Id. at 16-17.

On January 24, 2020, Defendant approved Cirillo's request to continue working from home, but required her to work during "core business hours." Id. at 17. On January 30, 2020, Defendant terminated Cirillo from her position. Id. at 17.

On September 29, 2020, Cirillo filed this action in the United States District Court for the Western District of North Carolina on behalf of herself and all similarly situated employees in North Carolina ("Plaintiffs").[1] Id. at 3-4. The Complaint alleges (1) individual and collective claims under the Fair Labor Standards Act ("FLSA"), (2) an individual and a class claim under the North Carolina Wage and Hour Act ("NCWHA"), (3) an individual claim under the Family and Medical Leave Act ("FMLA"), and (4) an individual common law claim of wrongful discharge in violation of North Carolina public policy.

Defendant has moved to dismiss this action for improper venue or, in the alternative, to transfer this action to the Eastern District of North Carolina.

## I. DISCUSSION

### A. Standard of Review

---

[1] The collective and class are not clearly or consistently defined in Plaintiff's First Amended Collective and Class Complaint with regard to specific job titles or duties. Even so, both are limited to employees in North Carolina. Doc. 8 at 3-4. Based upon Plaintiff's allegations that there are "more than 2,000 Inside Sales Representatives working at Defendant's Raleigh, North Carolina location," the Court assumes that the statewide collective and class would be comprised of Raleigh-based Citrix employees. Doc. 8 at 7.

3

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). SAMi-Systematic Analysis Mgmt., Inc. v. Omnivere Acquisitions, LLC, No. CV RDB-19-2904, 2020 WL 1863292, at *2 (D. Md. Apr. 14, 2020). "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." Jones v. Koons Automotive, Inc., 752 F. Supp. 2d 670, 679-80 (D. Md. 2010). In ruling on a 12(b)(3) motion, evidence outside the pleadings may be "freely considered." Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006).

In reviewing a motion to dismiss for improper venue, "all inferences must be drawn in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them." SAMi-Systematic Analysis Mgmt., Inc., 2020 WL 1863292, at *2 (internal citations and quotations omitted). If no evidentiary hearing is held, a plaintiff only has to make "a prima facie showing of proper venue in order to survive a motion to dismiss." Aggarao v. MOL Ship Mgt. Co., Ltd., 675 F.3d 355, 366 (4th Cir. 2012).

### B.  Dismissal or Transfer Under 28 U.S.C. § 1406(a)

28 U.S.C. § 1391 governs proper venue for actions filed in federal district court. See Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co., 958 F. Supp. 2d 609, 612-13 (D. Md. 2013). 28 U.S.C. § 1406(a) and Rule 12(b)(3) of the Federal Rules of Civil Procedure "authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 55 (2013). When venue is "improper" under 28 U.S.C. § 1391, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has discretion, "pursuant to 28 U.S.C. § 1406(a), either to dismiss the

claims or to transfer them if it would be in the interest of justice to do so." Benton v. England, 222 F. Supp. 2d 728, 731 (D. Md. 2002).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." Atl. Marine Const. Co., 571 U.S. at 55–56. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." Id.

Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Cirillo asserts that she has met her burden because pursuant to (1) 28 U.S.C. § 1391(b)(1), Defendant is a resident of this district and (2) pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events occurred in this district. Defendant contends that venue is improper.

### a.  28 U.S.C. § 1391(b)(1)

Plaintiff alleges that Citrix is a resident of this district. For purposes of venue, a defendant corporation "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's *personal jurisdiction* with respect to the civil action in question." 28 U.S.C. § 1391(c)(2) (emphasis added). In states with multiple judicial districts, corporate defendants "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" 28 U.S.C. § 1391(d). "In determining whether there are sufficient contacts to support a

finding of personal jurisdiction under this provision, each internal district within a multi-district state is to be treated as a separate state." Sanofi-Aventis v. Synthon Holding BV, No. 1:07CV00086, 2008 WL 819295, at *3 (M.D.N.C. Mar. 20, 2008).

The Court must determine whether Citrix would be subject to personal jurisdiction in this district if it were treated as a separate state. Id. Cirillo asserts that the State of North Carolina should be treated as one district, such that if a claim arises in any part of the state, venue is proper throughout the state. But this assertion contradicts the language of 28 U.S.C. § 1391(d).

Personal jurisdiction may be general or specific depending on the nature of defendant's contacts with the forum. See Aveka L.L.C. v. Mizuno Corp., 199 F. Supp. 2d 336, 339 (M.D.N.C. 2002). A court has general jurisdiction over a corporate defendant "when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" Daimler AG v. Bauman, 571 U.S. 117, 122 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). A court has specific jurisdiction over a defendant when the defendant's contacts with the forum directly relate to the plaintiff's cause of action. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

The Court has considered Citrix's connections to this district. The Court concludes that the contacts Defendant has with this district would not meet the 'constant and pervasive' standard to establish general personal jurisdiction over Defendant if this district were treated as a separate state for purposes of establishing venue. Cirillo has based her venue argument entirely on specific personal jurisdiction.

This Court does not have specific personal jurisdiction over Defendant. Defendant's connections with this district do not arise out of or relate to Cirillo's unpaid overtime, FMLA,

6
Case 5:21-cv-00088-BO   Document 17   Filed 01/29/21   Page 6 of 17

and wrongful termination claims. Likewise, Defendant's customer-facing website does not create specific personal jurisdiction. Cirillo has not alleged that Defendant took any relevant actions through its website or that the website itself bears any connection to her FMLA and wrongful termination claims.

Since there is no general or specific personal jurisdiction over Defendant here, Citrix cannot be deemed to 'reside' in this district within the meaning of 28 U.S.C. § 1391(b)(1). Venue is improper on that basis.

b. 28 U.S.C. § 1391(b)(2)

Plaintiffs allege that they performed substantial work in this district, including "engaging in customer calls and video-conferencing given . . . Citrix's interactive website, which allows individuals to find a Citrix expert (i.e., Plaintiffs) to discuss Citrix's ShareFile products."

While venue may be proper in more than one district, district courts should "take seriously the adjective 'substantial.'" Bartko v. Wheeler, No. 1:13-CV-1006, 2014 WL 29441, at *9 (M.D.N.C. Jan. 3, 2014). Of most importance is "whether the material acts or omissions within the forum 'bear a close nexus to the claims.'" N. Carolina Mut. Life Insurance Co. v. Stamford Brook, No. 1:16-CV-1174, 2019 WL 4747851, at *6 (M.D.N.C. Sept. 27, 2019). For venue to be proper, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Oldham v. Pa. State Univ., No. 1:20-cv-466, 2020 WL 7380610, at *5 (M.D.N.C. Dec. 16, 2020) ("vast majority of underlying events did not occur in the Middle District of North Carolina") (quoting Bartko, 2014 WL 29441, at *9).

Here, the vast majority of underlying events did not occur in this district. Most of the events at issue are alleged to have occurred in Raleigh. The inside sales representatives

performed their work with customers by "phone and video conferences" from their Raleigh office. The events or omissions underlying Plaintiffs' claims under the FLSA, NCWHA, and FMLA all arise in Raleigh – the location where the inside sales employees performed their work. The events or omissions underlying Plaintiffs' claims do not arise in locations where Citrix may have one or more customers with whom the sales employees interacted remotely from their Raleigh offices. Venue is improper on this basis.

Even so, courts within the Fourth Circuit favor transfer to dismissal. Continental Cas. Co. v. Argentine Republic, 893 F. Supp. 2d 747, 754 (E.D. Va. 2012). In the interests of justice, the Court concludes that this case should be transferred to Eastern District of North Carolina where it might have been brought as discussed *infra*. Accordingly, Defendant's Motion to Dismiss Under 28 U.S.C. § 1406(a) is denied administratively.

### C. Transfer Under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), the district court may "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Comput. Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991).

The Court must first determine whether the case could have been brought in the transferee district. To show that an action could have been brought in a proposed transferee district, a movant must establish that "venue and jurisdiction with respect to each defendant is proper in the transferee district." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

This action might have been brought in the Eastern District. Citrix is subject to personal jurisdiction there because it has an office in Raleigh where it employed Cirillo, Stiles, and the other North Carolina inside sales employees. Defendant purposefully directed its activities at residents of the Eastern District, and the litigation results from alleged injuries that arise out of or relate to those activities. Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 140 (4th Cir. 2020).

The Eastern District also has subject matter jurisdiction. Cirillo brings two of her claims under federal law (FLSA and FMLA), which gives any federal district court original jurisdiction under 28 U.S.C. § 1331. That court can also exercise supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

Likewise, venue is proper in the Eastern District. Citrix resides there and "is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(b)(1)-(2), (c)(2). A substantial part, if not all, of the events giving rise to Cirillo's claims occurred in the Eastern District. 28 U.S.C. § 1391(b)(2).

If venue in the transferee district is proper, as it is here, the Court must then consider the following factors in deciding whether the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008). See also Jim Crockett Promotions, Inc. v. Action Media Grp., Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990). Defendant has "the burden of persuasion and must show (1) more than a bare balance of

convenience in [its] favor and (2) that a transfer does more than merely shift the inconvenience." Datasouth Comput. Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989). Courts should make both a quantitative and a qualitative analysis of these factors. McDevitt & St. Co. v. Fid. & Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990).

### a. Plaintiff's Choice of Forum

Plaintiff's choice of forum is given considerable weight and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). See Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003) (citing Collins, 748 F.2d at 921), aff'd, 196 F. App'x 178 (4th Cir. 2006). Defendant bears a particularly heavy burden when it moves pursuant to Section 1404(a) to transfer an action from a district where venue is proper. Borgwarner, Inc. v. Honeywell Int'l, Inc., No. 1:07cv184, 2008 WL 394991, at *3 (W.D.N.C. Feb. 11, 2008). As this Court has previously noted, it is "black letter law" that "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed." Phillips v. S. Gumpert Co., Inc., 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) (citations omitted). See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

But "[t]his Court need not 'stand as a willing repository for cases which have no real nexus to this district.'" Shaw v. Apple, Inc., No. 517CV00066RJCDSC, 2018 WL 401541, at *2 (W.D.N.C. Jan. 12, 2018) (quoting Windy City Innovations, LLC v. Microsoft Corp., No. 1:15-CV-00103-GCM, 2016 WL 1048069, at *4 (W.D.N.C. Mar. 16, 2016)). In this circuit, transfer will generally be granted "where this district 'is neither the plaintiff's residence, nor the place

10

Case 5:21-cv-00088-BO   Document 17   Filed 01/29/21   Page 10 of 17

where the operative events occurred.'" Shaw, 2016 WL 1048069, at *2 (quoting Husqvarna AB v. Toro Co., No. 3:14-CV-103-RJC-DCK, 2015 WL 3908403, at *2 (W.D.N.C. June 25, 2015)).

Venue is not proper in this district. Defendant is a Delaware corporation and maintains its principal place of business in Fort Lauderdale, Florida. Plaintiffs have no connection to this forum. The Western District is neither Cirillo's residence nor the place where the operative events occurred. No fact witnesses or evidence are located here. Plaintiffs allege that potential customers with whom they spoke could have been "from any part of North Carolina or elsewhere." But that allegation does not relate to the issues raised by Cirillo's action, which include (1) whether she and other inside sales employees were paid properly for the work they performed from their offices in Raleigh, (2) whether her FMLA right to unpaid leave from her Raleigh position was violated, and (3) whether she was wrongfully terminated from her Raleigh position.

Moreover, Cirillo has pleaded a statewide class and collective that, if certified, would be comprised of Raleigh-based employees. See Rosinbaum v. Flowers Foods, Inc., 3:15-CV-581-MOC-DCK, 2016 WL 3267290, at *2-*3 (W.D.N.C. June 8, 2016) (finding plaintiffs' choice of W.D.N.C. as the forum to be a neutral factor in the Section 1404(a) analysis rather than a factor weighing against transfer, despite a related action pending in W.D.N.C., where plaintiffs worked and resided in E.D.N.C., defendant resided in Georgia, and plaintiff sought to represent a statewide class and collective where none of the conduct giving rise to the action occurred in W.D.N.C.).

Cirillo also argues that even if the Court transferred this case to the Eastern District, there is no guarantee that the matter would be set before a district judge in Raleigh. This contention is misplaced. Eastern District's Local Rule 40.1(c)(1) states in part:

> The clerk shall assign all civil actions to a division when the action is filed or removed. If one or more plaintiffs are residents of this District, the clerk shall assign the case to the division in which the first named such plaintiff resides.

E.D.N.C. Local Civil Rule 40.1(c). Cirillo resides in Raleigh. Therefore, this action, upon transfer, would be assigned to a judge in Raleigh (the Western Division of the Eastern District of North Carolina). Accordingly, Plaintiff's choice of forum is <u>entitled to little weight</u>.

### b. Residence of the Parties

Where neither party resides in the district, this factor weighs against retaining the matter. <u>Am. Motorists Ins. Co. v. CTS Corp.</u>, 356 F. Supp. 2d 583, 587 (W.D.N.C. 2005); <u>Husqvarna AB</u>, 2015 WL 3908403, at *11. Citrix's principal place of business is Fort Lauderdale, Florida. Cirillo's last known residential address is Raleigh, North Carolina. The last known address of opt-in Plaintiff Stiles is in Colorado. Therefore, since neither Cirillo nor Citrix are residents of this district, this factor weighs in <u>favor of transfer</u>.

### c. Relative Ease of Access to Proof

"Perhaps the most important factor to be considered by a court in passing on a motion to transfer is the convenience of the witnesses." <u>Cronos Containers, Ltd. v. Amazon Lines, Ltd.</u>, 121 F. Supp. 2d 461, 466 (D. Md. 2000) (citation omitted); <u>see also</u> <u>Volvo Rd. Mach., Inc. v. J. D. Evans, Inc.</u>, No. CIV 1:08CV156, 2008 WL 4610045, at *4 (W.D.N.C. Oct. 16, 2008). The Federal Circuit instructs that "the place where the defendant's documents are kept weighs in favor of transfer to that location." <u>In re Genentech, Inc.</u>, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

In this case, none of the likely witnesses reside in this district. Most have worked at Citrix's Raleigh office and live in the Raleigh area. Plaintiffs allege that many of their corporate witnesses are located in Florida, California, and Oregon. Even so, Plaintiffs make no argument

that any of their evidence would be more conveniently accessed in this district. Most of Citrix's witnesses and potentially relevant documents are located in Raleigh or outside of North Carolina.

Plaintiffs assert that while their material documentary evidence may be located in North Carolina, some of it may be located elsewhere, especially where Plaintiffs no longer live in North Carolina. Plaintiffs also contend that the "physical location of Citrix's evidence is unimportant because relevant documents are electronic and easily transferable. Much of Plaintiffs' evidence will consist of electronic payroll, earning statements, timesheets, handbooks, etc." While this may be true, the bulk of the evidence appears to be located in or significantly nearer to the transferee district. This factor weighs in <u>favor of transfer</u>.

### d. <u>Availability of Compulsory Process for Attendance of Witnesses and the Costs of Obtaining Attendance of Willing Witnesses</u>

Where the court does not have subpoena power over many of the key potential witnesses, this factor favors transfer. <u>Jim Crockett Promotions, Inc.</u>, 751 F. Supp. at 97. It follows, then, that where "the expense to the parties in obtaining the attendance of willing witnesses will be reduced if this matter is transferred," this too favors transfer. <u>Id.</u>

Defendant must name a "witness who cannot or is not willing to travel" to this district. See <u>Triangle Grading & Paving, Inc. v. Rhino Servs., LLC</u>, No. 1:19CV486, 2020 WL 2086188, at *19 (M.D.N.C. Apr. 30, 2020). In its Motion and supporting declaration, Defendant has identified the managers and human resources personnel who can testify to Citrix's timekeeping policies, the instructions given to employees regarding timekeeping, and the pay and commission plans of Cirillo, Stiles, and the other North Carolina-based inside sales employees. Doc. 12-1 at 4; Doc 12-2 at 3-4. Citrix likewise contends that because this Court is approximately 165 miles from its Raleigh office, it cannot "guarantee that all Raleigh-based potential witnesses, particularly any who are now former employees, will voluntarily incur the time and expense of

testifying in this action." See Link v. Pennsylvania State Police, No. 3:14-CV-00643-FDW-DCK, 2015 WL 3822832, at *2 (W.D.N.C. June 19, 2015) (finding availability of compulsory process factor weighed in favor of transfer to W.D. Pa. where defendants showed that potential witnesses were located in and around Pennsylvania).

More importantly, this Court would not be able to compel the attendance of key witnesses who are not corporate officers under Rule 45(c) of the Federal Rules of Civil Procedure. These witnesses are located farther than 100 miles away, are not officers of Citrix, and would incur a substantial expense if called to testify in Charlotte. See Fed. R. Civ. P. 45(c). Relatedly, this Court would not be able to compel the attendance of Cirillo's Raleigh-based health care providers who may testify regarding her allegations that she was visiting a doctor "twice a week" for injuries suffered after her workplace accident, needed to work from home, and suffered emotional distress.

Plaintiffs make no argument that this district is more convenient for their own witnesses. However, if this action were transferred to the Eastern District most of the non-party witnesses would be subject to the subpoena power of that court. This factor favors transfer.

### e.  Possibility of a View

When a jury view is not necessary, this factor favors neither party. Jim Crockett Promotions, Inc., 751 F. Supp. at 97. At this stage, "Citrix is not aware of any reason that a view of its premises by a jury would be necessary in this action." Plaintiffs agree. This factor is neutral.

### f.  Enforceability of a Judgement, If Obtained

There is no indication in the Complaint that a judgment rendered on claims brought under federal and North Carolina law would be any more enforceable if it were rendered by this Court rather than in the Eastern District. Therefore, without a reason that a judgment obtained in the proposed transferee district would not be enforceable, this factor is neutral. Husqvarna AB, 2015 WL 3908403, at *14.

### g. Other Practical Problems that Make a Trial Easy, Expeditious, and Inexpensive

This factor weighs in favor of transfer if a trial in the transferee district "would require less total expense" than in this district. Jim Crockett Promotions, Inc., 751 F. Supp. at 97.

Defendant asserts that because all witnesses reside outside of this district and the vast majority reside in the Raleigh area, a trial in this Court would require substantially more expense. Shaw, 2018 WL 401541, at *3 (where "some witnesses will have to travel regardless of the forum," the court looks to where, "as a whole," trial will be less expensive). Plaintiffs argue that witnesses can be deposed at their home location or remotely, which limits travel time. While the COVID-19 pandemic has allowed for more remote depositions, many are still conducted in-person. Moreover, if this case does make it to trial, it will be less expensive and more expeditious in the Eastern District where many of the key witnesses are located. This factor weighs in favor of transfer.

### h. Administrative Difficulties of Court Congestion

When considering court congestion, courts compare not only the disposition timeframe, but also the caseload per judge and the number of civil cases over three years old. See Speed Trac Techs., Inc. v. Estes Express Lines, Inc., 567 F. Supp. 2d 799, 805 (M.D.N.C. 2008).

Regardless of the number of cases initially filed in either district, the Western and Eastern Districts have the same median time from filing to disposition for civil cases – 8.7 months.[2] See Jim Crockett Promotions, Inc., 751 F. Supp. at 97-98 (finding the court congestion factor to be neutral even where the median time to trial and the number of pending cases per judge in the requested transferee court were greater than in the W.D.N.C.). This factor is neutral.

### i. Interest in Having Localized Controversies Resolved at Home

"[C]ourts have determined that litigation should take place in the federal judicial district or division with the closest relationship to the operative events." Sales Consultants of Cary, LLC v. CareerBuilder, LLC, No. 5:08-CV-260-BR, 2008 WL 11381887, at *4 (E.D.N.C. Dec. 2, 2008). There is no connection between the Western District and the operative events of this case. Cirillo and Stiles did not work for Citrix in this district. Most, if not all, of the operative events occurred in Raleigh. This factor weighs in favor of transfer.

### j. Remaining Factors

The remaining factors—the avoidance of unnecessary problems with conflict of laws and the relative advantages and obstacles to a fair trial—are neutral.

Having considered all of the factors individually, the Court also considers these factors cumulatively. Both quantitatively and qualitatively, the factors favor transfer. Considering that the majority of the operative events occurred in Raleigh, access to proof and obtaining witnesses will clearly be more convenient in the Eastern District.

Importantly, Plaintiffs make no argument that this district is a more convenient forum for accessing their own proof or obtaining their own witnesses. Therefore, transfer would not

---

[2] See Federal Court Management Statistics, United States Courts (June 30, 2020), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2020.pdf (last visited January 29, 2021).

"merely shift the inconvenience" in this case, as Plaintiffs' corporate witnesses will have to travel from Florida, California, and Oregon, regardless of the forum. Datasouth Comput. Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 451 (W.D.N.C. 1989).

Accordingly, the Court concludes that the interests of justice and convenience warrant granting Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a).

**NOW IT IS THEREFORE ORDERED that**:

1. "Defendant's Motion to Dismiss Under 28 U.S.C. § 1406(a)," Doc. 12, is administratively **DENIED**.

2. "Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a)," Doc. 12, is **GRANTED**.

3. The Clerk is directed to hold the file in this case until fourteen days after service of this Memorandum and Order when the parties' right of appeal to the Honorable Robert J. Conrad, Jr. expires. If no party appeals this Order, then the Clerk is directed to transfer this case to the United States District Court for the Eastern District of North Carolina.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: January 29, 2021

David S. Cayer
United States Magistrate Judge