IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-88-BO

DANIELLE CIRILLO on behalf of herself )
and all others similarly situated, )
         Plaintiffs, )
          )
v. )    O R D E R
          )
CITRIX SYSTEMS, INC., )
         Defendant. )

This cause comes before the Court on plaintiff's motion to certify order for interlocutory appeal and to amend the Court's previous order [DE 62]. Defendant has responded and the motion is ripe for ruling. For the reasons that follow, plaintiff's motion is DENIED.

## BACKGROUND

The Court dispenses with a full recitation of the background of this matter and incorporates by reference as if fully set forth herein the factual and procedural background of this matter outlined in its order entered March 21, 2022. That order granted plaintiff's motion to conditionally certify a FLSA collective and granted defendant's motion for partial judgement on the pleadings. Plaintiff now asks the Court to certify for interlocutory appeal for the following issues:

1) Whether the District Court erred in granting Appellee's motion for partial judgment on the pleadings, in determining that claims brought pursuant to N.C. Gen. Stat. § 95-25.6 for unpaid promised earned, owed, and accrued wages are exempted or preempted by FLSA coverage?

2) Whether the District Court erred in concluding the exemption outlined in N.C. Gen. Stat. § 95-25.14 for unpaid overtime claims pursuant to N.C. Gen. Stat. § 95-25.4 applies to claims seeking unpaid promised earned, owed, and accrued wages, as provided for in N.C. Gen. Stat. § 95-25.6, which may include, but is not limited

to, regular, straight, and overtime, consistent with N.C. Gen. Stat. §§ 95-25.13 and 95-25.2(16)?

3) Whether the District Court erred in concluding that a claim for all unpaid earned and accrued promised wages pursuant to § 95-25.13, which may include promised overtime wages, brought pursuant to N.C. Gen. Stat. § 95-25.6 is indistinguishable from an overtime claim brought pursuant to N.C. Gen. Stat. § 95-25.4?

## DISCUSSION

Courts may certify interlocutory orders for appeal when they "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Pisgah Contractors, Inc.*, 117 F.3d 133, 136–37 (4th Cir. 1997). A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Additionally, certification of an interlocutory appeal is "appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340–41 (4th Cir. 2017) (citation omitted). Interlocutory review is not appropriate where there is a disagreement as to whether there are genuine issues of material fact or "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341.

The requirements of § 1292(b) are to be strictly construed, *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989), and, even if the requirements are satisfied, a district court retains discretion to decline to certify an interlocutory appeal. *See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*,

2

889 F. Supp. 849, 852 (E.D.N.C. 1995). The moving party bears "the burden of persuading the court that exceptional circumstances justify a departure" from the general policy against piecemeal appeals. *Id.* at 854.

The Court is unpersuaded that certification of interlocutory appeal or amendment is warranted in this instance. Plaintiff seeks leave to appeal a state law claim when a substantial FLSA collection action claim and an individual FMLA claim are still moving forward in this case. The litigation would continue even if the court of appeals were to reverse this Court's prior order, the question of law is not controlling, and further the appeal would not materially advance the termination of the litigation. *See Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 525, 529 (E.D.N.C. 2010). Nor has defendant identified a substantial ground for difference of opinion between courts on a controlling legal issue. *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 454 (D. Md. 2015). At bottom, defendant contends that the Court wrongly applied settled law to the facts of this case. That is not a ground for certification of an interlocutory appeal. The Court therefore, in its discretion, denies defendant's request to certify its prior order for interlocutory appeal.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion [DE 61] is denied.

SO ORDERED, this 24 day of April, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE