IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

DANIELLE CIRILLO, on behalf of herself )
and all others similarly situated, )
)
*Plaintiff,* )
) Civil Action No.: 5:21-cv-00088-BO
v. )
)
CITRIX SYSTEMS, INC., )
)
*Defendant.* )


SABRINA STILES, on behalf of herself )
and all others similarly situated, )
)
*Plaintiff,* )
)
v. ) Civil Action No.: 5:23-cv-00060-BO
)
CITRIX SYSTEMS, INC., )
)
*Defendant.* )
)
)

ORDER

Named plaintiffs Danielle Cirillo ("Cirillo") and Sabrina Stiles ("Stiles") (collectively, "plaintiffs") and defendant Citrix Systems, Inc. ("defendant" or "Citrix") (plaintiffs and defendants are referred to collectively as "parties") have entered into the Class and Collective Action Settlement Agreement ("Settlement Agreement") [DE 96]; which is intended to resolve claims asserted in this consolidated action. The matters of *Cirillo et al v. Citrix Systems, Inc.*, CA No.: 5:21-cv-00088-BO and *Stiles et al v. Citrix Systems, Inc.*, CA No.: 5:23-cv-00060-BO have been consolidated by this Court for purposes of settlement, and the parties have settled both matters in the Settlement Agreement.

Defendant always has and continues to deny plaintiffs' claims and allegations and denies any wrongdoing whatsoever. However, defendant has chosen to resolve this action to avoid the risks of litigation and continued expense, inconvenience, and interference with ongoing business operations associated with defending against plaintiffs' claims. The parties' settlement as set forth in the Settlement Agreement reflects a compromise regarding wages alleged to be due plaintiffs and class members.

Having reviewed and considered the Settlement Agreement, accompanying Exhibits [DE 97-1], plaintiffs' motion for preliminary approval, the declaration filed in support of plaintiffs' motion for preliminary approval, and having considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth below.

**IT IS HEREBY ORDERED AS FOLLOWS:**

*Jurisdiction, Certification of Settlement Class for Settlement Purposes, and Appointment of Plaintiffs and Class Counsel*

1. Capitalized terms used in this order have the meanings assigned to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of both actions, including the claims asserted in *Cirillo et al v. Citrix Systems, Inc.*, CA No.: 5:21-cv-00088-BO and *Stiles et al v. Citrix Systems, Inc.*, CA No.: 5:23-cv-00060-BO, Defendant, and the implementation and administration of the Settlement Agreement.

3. The Settlement Agreement [DE 97-1], is preliminarily approved, as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, subject to final consideration at the Final Approval Hearing.

4. The Court preliminarily certifies the following Settlement Class pursuant to pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:

> **i.** With respect to the NCWHA Rule 23 class claims, all individuals employed by defendant in titles listed in Exhibit 1-C to the Settlement Agreement [DE 97-1] in North Carolina from September 29, 2017 through the date defendant provides the Class Member Information to the Settlement Administrator.

5. Any Class Member who does not elect to be excluded may, but need not, enter an appearance through his or her own attorney. Class Members who do not enter an appearance through their own attorneys and do not exclude themselves from the Settlement will be represented by Class Counsel.

6. For the purposes of settlement only, the Court further finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and preliminarily appoints Gilda A. Hernandez of the Law Offices of Gilda A. Hernandez, PLLC as Class Counsel for the Settlement Class.

7. For the purposes of settlement only, the Court further finds that both Cirillo and Stiles are adequate Class Representatives.

### *Notice to Settlement Class, Notice to Regulators, Opt-In Procedure, and Appointment of Settlement Administrator*

8. The Court approves as to form and content Plaintiffs' proposed Notice Form and Claim Form. *See* [DE 97-1].

9. The manner and forms of Notice to be sent to Class Members set forth in the Settlement Agreement are approved, and the provisions thereof are incorporated into this order. Following entry of this order, the parties are directed to ensure that the Notice Form is disseminated according to the terms of the Settlement Agreement. *See* [DE 97-1].

10. Defendant, with the assistance of the Settlement Administrator, must serve written notice of the proposed class settlement on the United States Attorney General and North Carolina Attorney General, which the Court finds are the only appropriate officials to receive notice of this proposed settlement under 28 U.S.C. § 1715(a)(1)(2). Defendant shall serve notice within ten (10) days of the date on which the proposed settlement is filed in Court as contemplated by § 1715(b).

11. With the exception of Class Members who previously filed consents to join the Action and therefore will *not* be required to submit Claim Forms to participate in the Settlement, Class Members will be eligible to receive a settlement payment only if they timely submit a properly completed and signed Claim Form to the Settlement Administrator via U.S. Mail, fax, and email. For the Claim Form to be timely, it must be postmarked, if sent by U.S. Mail, or received, if sent by fax or email, on or before the date 60 calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to Class Members, in accordance with the terms of the Settlement Agreement. All members of the Settlement Class who did not previously file consents to join the Action and fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the Settlement set forth in the Settlement Agreement.

12. Prior to the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance consistent with terms of the Settlement Agreement.

*Requests for Exclusion from the North Carolina State Law Settlement Class*

13. Class Members may request exclusion from the Settlement. To be timely, all exclusion requests must be returned by email, fax, or First-Class U.S. Mail to the Settlement

Administrator, so they are postmarked no later than 60 calendar days after the date on which the Settlement Administrator first mails the Notice and Claim Form to Class Members. Requests for exclusion must be in writing and must expressly state that the Class Member wishes to be excluded from the Settlement. The request should state at the top of the letter "Request for Exclusion from Settlement in *Stiles v. Citrix Systems, Inc.*, CA No.: 5:23-cv-00060-BO," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

14. In the event the Court enters an order finally approving the Settlement, any member of the Settlement Class who did not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement.

15. All Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

*Objections to the Settlement*

16. Consistent with the Settlement Agreement, Class Members who have not requested exclusion and wish to object to the Settlement must file a written objection with the United States District Court for the Eastern District of North Carolina setting forth the nature of his or her objection, the arguments supporting the objection, and serve copies of the objection to Class

Counsel and Defense Counsel. Any objections must be filed and served no later than 60 calendar days after the date on which the Settlement Administrator first mails the Notice Form and Claim Form to Class Members. Unless otherwise permitted by the Court, objecting Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

*Approval and Appointment of Settlement Administrator*

17. The Court approves and appoints CPT Group ("CPT") to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement Agreement and this order. The Court ORDERS and AUTHORIZES CPT to perform the administrative duties specified herein.

**I. Issue Notice of Settlement**

18. First, the Court ORDERS CPT to distribute the approved Notice Form and Claim Form via First-Class U.S. mail and email, and the postage pre-paid return envelope via First-Class U.S. Mail, to all Class Members, as defined above. CPT shall:

19. Accept and review Class Member Information as described in the Settlement Agreement and shall keep that information confidential in accordance with the terms of the Settlement Agreement;

20. Update the provided addresses for all Class Members using the National Change of Address database in accordance with the terms of the Settlement Agreement;

6

21. Confirm the amount of the individual settlement payments in accordance with the terms of the Settlement Agreement;

22. Prepare, format, print, and disseminate by First-Class U.S. mail and email the Notice Form and Claim Form approved by the Court, together with a pre-addressed, postage-paid return envelope, and follow-up on any undeliverable Notices and Claim Forms with a skip trace in accordance with the terms of the Settlement Agreement;

23. Resend the approved Notice and Claim Form where appropriate in accordance with the terms of the Settlement Agreement;

24. Provide replacement copies of the Notice by mail or email if requested by a member of the Settlement Class.

## II. Collect Required Forms and Requests for Exclusion

25. The Court ORDERS CPT to collect the Court-approved Claim Forms returned by Class Members and written requests for exclusion by Class Members. As part of these tasks, CPT shall:

- Establish and maintain a P.O. Box, email account, and website for receipt of court-approved Claim Forms, as well as requests for exclusion and other communications from the Class Members;

- Follow up to obtain signed Claim Forms if any are submitted lacking the necessary signature in accordance with the terms of the Settlement Agreement; and

- Contact any Class Members who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement and ask such individuals which option they wish to pursue.

7

### III. Establish and Distribute Funds from a Qualified Settlement Fund

26. Additionally, the Court ORDERS that, following the issuance of an order from this Court, if any, granting final approval to the parties' proposed settlement, and after the Effective Date of the parties' proposed settlement, CPT shall take the necessary steps, consistent with the Court-approved settlement, to setting up a Qualified Settlement Fund ("QSF") and accepting distribution by Defendant of the Gross Settlement Payment to distribute settlement payments to Participating Class Members, as well as to make any other Court-authorized payments under the Settlement. This shall include:

- Paying Court-authorized awards of Class Counsel's Fees and Expenses (as set forth in the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Class Counsel for such payments, in accordance with the terms of the Settlement Agreement;

- Paying Court-authorized Service Awards to the Named Plaintiffs Cirillo and Stiles (as set forth in the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Named Plaintiffs for such payments, in accordance with the terms of § IV(G) of the Settlement Agreement;

28. If the Court awards less than the requested amount of Attorneys' Fees, Expenses, or Service Awards, re-calculate the amount of the individual Settlement Shares in accordance with the Settlement Agreement prior to distribution and following the Effective Date.

29. Determining which Class Members are Participating Class Members who will receive settlement payments;

30. Performing all tax reporting duties required by federal, state, or local law, in accordance with the terms of the Settlement Agreement;

31. Preparing and sending, by U.S. Mail, settlement payments to Participating Class Members in accordance with the terms of § III of the Settlement Agreement;

32. Preparing and sending, by U.S. Mail, I.R.S. Forms W-2 and 1099 (as applicable) to Participating Class Members either contemporaneously with or an appropriate time after the issuance of settlement payments, in accordance with the terms of the Settlement Agreement;

33. Voiding and placing stop-payments on settlement checks that are not negotiated within 180 calendar days after being mailed to Participating Class Members, or that are reported as potentially stolen or lost by a Participating Class Member; reissuing and mailing checks to Participating Class Members who reported the check was lost or stolen;

34. Within 190 days after mailing the Individual Settlement Amount checks, preparing and sending to Defense Counsel and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed and, within five days of providing this accounting, issuing a check to the *cy pres* beneficiary identified in the Settlement Agreement.

### IV. Reporting Activities to the Parties

35. CPT is ORDERED to regularly report to the parties, in written form, the substance of the work it performs in this matter pursuant to this order and the Settlement Agreement. This shall include informing the parties of the dates CPT mails and emails the Notice to Class Members, the number of claim forms, objections, or exclusion requests received, and when it distributes funds from the QSF. Within five calendar days after the Court enters an order granting preliminary approval of the Settlement, the Settlement Administrator will provide a near-final draft of any notice package to Defendant's counsel so that Defendant may give appropriate notice under 28 U.S.C. § 1715.

36. The Settlement Administrator shall provide to Class Counsel, within 75 days of the mailing of the Notice of Settlement a declaration from an appropriate agent or agents working for it, stating under penalty of perjury: (a) the names and addresses of all individuals to whom the Settlement Administrator mailed and emailed notice of the proposed settlement; (b) whether each such individual timely and properly submitted the required form to receive a settlement payment and, if so, the amount of that payment; and (c) the identity of all individuals who validly and timely requested exclusion from the settlement. Such declaration will be filed prior to the final approval hearing for the Court's consideration.

37. To allow the Parties and the Court to evaluate the work performed by CPT in this matter, CPT is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this order and the Settlement Agreement, including: (i) records reflecting the dates of all mailings to Class Members; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, and e-mail); (iii) the original mailing envelope for any returned Notice, any Claim Forms received, any written requests for exclusion, or any other correspondence received from Class Members; (iv) logs or date-stamped copies showing the dates and times of receipt of claim forms received by fax; (v) the original copies of any U.S. mail, or email communications with any Class Members.

## V. Miscellaneous

37. The Court further ORDERS that counsel for all parties have the right to review and approve any documents to be mailed by CPT in connection with the proposed settlement prior to their mailing, and CPT may not mail any such documents without first receiving written approval from counsel for the parties or direction from the Court to send such documents.

38. CPT is further ORDERED to take reasonable steps to protect the disclosure of any and all personal information concerning Class Members provided to CPT by counsel for the parties, including but not limited to Class Members' personal information provided pursuant to the Settlement Agreement. This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of the Settlement Agreement.

39. Finally, CPT is ORDERED to perform whatever additional tasks that are agreed to by all parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the Claim Forms submitted by Participating Class Members, and requests for exclusion from those Class Members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

### *The Final Approval Hearing*

40. Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable, and in the best interests of the Class Members, and whether a final judgment as to Plaintiffs' claims as provided

in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

41. At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorneys' fees and costs should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs.

42. The Final Approval Hearing is hereby scheduled to be held before this Court on the **7th day of December 2023, at 2:00 P.M. in Courtroom 2** of the United States District Court for the Eastern District of North Carolina, 310 New Bern Avenue, Raleigh, NC 27601.

43. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court.

44. Only Class Members who have filed and served timely notices of objection in accordance with the terms of the Settlement Agreement and this order shall be entitled to be heard at the Final Approval Hearing. Any member of the Settlement Class who does not timely file and serve an objection in writing to the Settlement Administrator, within 60 calendar days after the mailing date of the Notice of Settlement, prior to entry of final judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

### *Other Provisions*

45. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an order of this Court.

46. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or this Court does not grant final approval of the Settlement Agreement, or the Settlement is not consummated or fails to become effective for any reason whatsoever, the Parties reserve all their rights, including the right to continue with the litigation as set forth in the Settlement Agreement.

## CONCLUSION

Plaintiffs' unopposed motion for preliminary approval of class and collective action settlement; preliminary certification of the Rule 23 settlement class; appointment of plaintiffs' counsel as class counsel; approval of settlement administrator; and approval of plaintiffs' notice of settlement and claim form is GRANTED. In light of this resolution, both plaintiff Cirillo's [DE 84] and Stiles's [DE 5][1] motions for equitable tolling are DENIED AS MOOT.

SO ORDERED. This __/__ day of September, 2023.

*Terrence Boyle*

The Honorable Terrence W. Boyle
United States District Judge

---

[1] This citation is to Case No: 5:23-cv-00060-BO.