IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DANIELLE CIRILLO, on behalf of herself and all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> CITRIX SYSTEMS, INC., <br><br> *Defendant.* | Civil Action No.: 5:21-cv-00088-BO |
| SABRINA STILES, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CITRIX SYSTEMS, INC., <br><br> Defendant. | Civil Action No.: 5:23-cv-00060-BO |

## ORDER

The above captioned matter came before the Court on plaintiffs' unopposed motion for preliminary approval of attorneys' fees and reimbursement of costs and expenses [DE 98]. The Court has considered the representations of class counsel, the pleadings, and the record, and denies class counsel's request for attorneys' fees and reimbursement of litigation costs and expenses. The Court requests additional briefing on the issue of attorneys' fees.

When considering the *Barber* factors, class counsel cited extensive case law in support of a one-third award. However, attorneys' fees awarded under the percentage of the fund method are generally between twenty-five and thirty percent of the fund. *Graham v. Famous Dave's of Am., Inc.*, No. CV DKC 19-0486, 2022 WL 17584274, at *10 (D. Md. Dec. 12, 2022) (citing Annotated Manual for Complex Litigation (Fourth) § 14.121 (2022)). A one-third fee is

higher than this range but is not uncommon in the Fourth Circuit. *See, e.g., Starr v. Credible Behav. Health, Inc.*, No. 20-CV-2986-PJM, 2021 WL 2141542, at *5 (D. Md. May 26, 2021) (granting preliminary approval of an award of attorneys' fees of one-third of the settlement fund in hybrid FLSA and Maryland law case, noting that "[a] request for one-third of a settlement fund is common in this circuit and generally considered reasonable"); *Wegner v. Carahsoft Tech. Corp.*, No. 20-CV-00305-PJM, 2022 WL 316653, at *5 (D. Md. Feb. 1, 2022). But simply having attorneys' fees within the reasonable range does not necessarily mean that the fees are appropriate for the case. *See In re Microstrategy, Inc.*, 172 F. Supp.2d 778, 789 (E.D. Va. 2001) (reducing a fee award from a requested percentage, which would have resulted in an award approximately four times the lodestar amount, to a percentage that resulted in an award 2.6 times the lodestar amount); *see also LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 596 (E.D. Va. 2016) (expecting a range of attorneys' fees of 20 to 30 percent in an FLSA case).

Thus, the Court asks that counsel file a new motion for attorneys' fees and submit additional briefing *briefly* explaining how this particular case is similar to the cited cases by plaintiffs for 33% attorneys' fees or how this case is more complex than other FLSA cases.

## CONCLUSION

Plaintiff's consent motion for attorney fees and reimbursement of expenses is DENIED WITHOUT PREJUDICE.

SO ORDERED. This ___ day of September, 2023.

Terrence Boyle
The Honorable Terrence W. Boyle
United States District Judge