FILED IN OPEN COURT
ON 1/6/2024 JS
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANIELLE CIRILLO, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CITRIX SYSTEMS, INC.,<br><br>*Defendant.* | Civil Action No.: 5:21-cv-00088-BO |
| SABRINA STILES, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CITRIX SYSTEMS, INC.,<br><br>*Defendant.* | Civil Action No.: 5:23-cv-00060-BO |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE COLLECTIVE AND CLASS ACTION SETTLEMENT, ORDER OF DISMISSAL WITH PREJUDICE

This matter is before the Court on the Unopposed Motion for Final Approval of the Collective and Class Action Settlement, Dkt. 122. Also, before the Court are the Amended Plaintiff's Unopposed Motion for Attorneys' Fees and Reimbursement of Expenses (Dkt. 111) and the Amended Unopposed Motion for Preliminary Approval of Service Awards (Dkt. 114).

Named Plaintiff Danielle Cirillo ("Cirillo") asserted claims on behalf of herself and all others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the North Carolina Wage and Hour Act ("NCWHA"). Named Plaintiff Sabrina Stiles ("Stiles") has asserted claims for herself based on the FLSA while also asserting claims for herself and all

others similarly situated under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.6, 95-25.22(a), (a1), and (d). Cirillo and Stiles (collectively, "Plaintiffs") claim Citrix Systems, Inc. ("Defendant") maintained a policy and practice of failing to compensate Plaintiffs for all hours worked, including, but not limited to, pre-shift work, working through unpaid lunch breaks, and post-shift work. Plaintiffs allege Defendant's North Carolina employees were subject to these systemic policies and practices that violate both the FLSA and the NCWHA. Defendant denies all claims and maintains that it paid employees properly and fairly under the law.

Both actions have already involved extensive litigation over a variety of motions, and although formal discovery had not yet begun, Defendant provided Plaintiffs with company records, including time and payroll data, and employee information for employees who held relevant job positions during the relevant time period. Dkt. 104 at *21-22. This extensive document production allowed for an evaluation of the claims and the calculation of damages before the first mediation.

On February 9, 2022, Plaintiffs and Defendant (together, "the Parties") attended mediation before mediator, Chuck Stohler, to resolve Plaintiff Cirillo's FLSA and NCWHA claims but were unable to reach an agreement and litigation continued. Despite the failed mediation, the Parties resumed negotiation talks on or about February 16, 2023, through the assistance of Mr. Stohler. The negotiations continued until March 22, 2023, at which time the Parties reached an agreement on the essential terms of Settlement and filed a Joint Notice of Settlement in both *Cirillo* and *Stiles*. *Cirillo*, Dkt. 91; *Stiles*, Dkt. 8. After the Parties finalized the terms of their settlement, Stiles moved to consolidate her case with Cirillo's first-filed action. The Court granted that motion on May 12, 2023. *See Stiles v. Citrix Systems, Inc.*, 5:23-cv-00060-BO-KS, Dkt. 12; *see also Cirillo v. Citrix Systems, Inc.*, 5:21-cv-00088-BO. Dkt 94.

On July 12, 2023, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Settlement consistent with the Parties' Stipulation and Settlement Agreement, to (1) preliminarily approve the Parties' proposed settlement; (2) approve the appointment of CPT Group, as Settlement Administrator; and (3) approve the proposed Notice and Claim Form. Dkt. 96.

On September 1, 2023, the Court preliminarily approved (1) the Parties' Stipulation and Settlement Agreement; (2) the proposed Notice for mailing, consistent with the procedures outlined in the Parties' Stipulation and Settlement Agreement; and (3) the appointment of CPT Group as the Settlement Administrator. *See* Dkt. 104.

The Court set the deadline for members of the certified class to submit claim forms, opt out of the settlement, or submit an objection within sixty (60) days after the mailing of the notice of settlement. The Court scheduled a fairness hearing for January 5, 2024, at 11:30 A.M., to determine whether the proposed Settlement Agreement is fair.

Finally, CPT Group ("CPT") was appointed to serve as the neutral, third-party Settlement Administrator in this case, (Dkt. 104), and consistent with the Parties' Settlement Agreement, the Court ordered and authorized CPT to perform the administrative duties as outlined in its September 1, 2023, Order.

Having considered the Plaintiffs' Unopposed Motion for Final Approval, Unopposed Motion for Attorneys' Fees and Expenses, Unopposed Motion for Service Awards, and the supporting declarations, the oral argument presented at the fairness hearing, and the complete record in this action, for the reasons set forth therein and stated on the record at the January 5, 2024 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Plaintiff's Unopposed Motion for Final Approval (Dkt. 122) is GRANTED and

3

finally approves the settlement as set forth in the Parties' Stipulation and Settlement Agreement, (Dkt. 97-1) (the "Settlement Agreement).

## Final Settlement Approval

2. "It has long been clear that the law favors settlement." *United States v. Manning Coal Corp.*, 977 F.2d 117, 120 (4th Cir. 1992); *see also Reynolds v. Fid. Investments Institutional Operations Co., Inc.*, No. 1:18-CV-423, 2020 WL 91874, at *3 (M.D.N.C. Jan 8, 2020); *In re Paine Webber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong judicial policy in favor of settlements, particularly in the action context."); *Reed v. Big Water Resort, LLC*, No. 2:14-cv-01583-DCN, 2016 WL 7438449, at *5 (D.S.C. May 26, 2016) (quoting same); William B. Rubenstein, *4 Newberg on Class Actions* § 13.44, n1 (5th ed. Dec. 2019) (collecting cases).

3. The Court may approve a class settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "In applying this standard, the Fourth Circuit has bifurcated the analysis into consideration of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focuses on whether the consideration provided the class members is sufficient." *Beaulieu v. EQ Indus. Servs., Inc.*, No. 5:06-CV-0400-BR, 2009 WL 2208131, at 23 (E.D.N.C. July 22, 2009) (citing e.g., *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-159 (4th Cir. 1991)). The Court acts as a fiduciary of the class members. *Sharp Farms v. Speaks*, 917 F.3d 276, 293-94 (4th Cir. 2019).

## Procedural Fairness

4. The proposed settlement is procedurally fair and was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims. *See Myers v. Loomis Armored US, LLC*, No. 318CV00532FDWDSC, 2020 WL 1815902, at *2 (W.D.N.C. Apr. 9, 2020); *West v. Const'l Inc.*, No., 3:16-cv-00502-FDW-DSC, 2018 WL

4

1146642, at *4 (W.D.N.C. Feb. 5, 2018) (unpublished) ("The [s]ettlement was not hastily arrived at. Indeed, the [s]ettlement followed lengthy discussions and considerable dialogue between the [p]arties, as well as arms-length negotiations involving extensive argument and counterargument."); *Matthews v. Cloud 10 Corp.*, No. 4:13-cv-646-FDW-DSC, 2015 U.S. Dist. LEXIS 114586, at *8 (W.D.N.C. Aug. 27, 2015) (unpublished); *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 294047, at *4 (D. Md. June 13, 2013) (unpublished); *In re Dollar Gen. Stores FLSA Litig.*, 2011 U.S. Dist. LEXIS 98162, at *12 (E.D.N.C. Aug. 22, 2011); *see also Toure v. Amerigroup Corp.*, No. 10 Civ. 5391 (RLM), 2012 WL 3240461, at *3 (E.D.N.Y. Aug. 6, 2012) (unpublished) (finding settlement to be "procedurally fair, reasonable, adequate, and not a product of collusion" after plaintiffs "conducted a thorough investigation. . . [and] enlisted the services of an experienced employment [law] mediator).

5.  Class Counsel conducted thorough investigations and evaluated the claims and defenses and reached a settlement after mediation and continued arm's-length negotiations between the Parties. *See generally* Dkts. 97, 97-1, 102, 109.

6.  Pursuant to the Parties' Confidential Mediation Agreement, effective date January 3, 2022, Defendant provided Plaintiffs with time and payroll data, and other confidential materials for the entire class, so that Plaintiff could engage in a full damages analysis. On February 9, 2022, the Parties mediated in person to resolve Plaintiff Cirillo's FLSA and NCWHA claims. The first mediation was overseen by Chuck Stohler of Stohler ADR and took place in Boston. The Parties did not reach an agreement on February 9, 2022, but continued to negotiate over the course of the next several days. Ultimately, the Parties were at an impasse and litigation continued. On February 16, 2023, the Parties again engaged in virtual mediation, with Mr. Stohler again overseeing the mediation, however, the Parties did not reach an agreement on that date. On February 27, 2023,

the Parties filed a Joint Motion to extend deadlines for discovery and responses to Plaintiffs' motion for equitable tolling filed on February 9, 2023. Dkt. 86. On March 9, 2023, the Parties filed a second motion to extend deadlines. On March 22, 2023, the Parties reached an agreement on the essential terms of Settlement and filed Joint Notice of Settlement in both *Cirillo* and *Stiles*. *Cirillo*, Dkt. 91; *Stiles*, Dkt. 8. After the Parties finalized the terms of their settlement, Stiles moved to consolidate her case with Cirillo's first-filed action. The Court granted that motion on May 12, 2023. *See Stiles v. Citrix Systems, Inc.*, 5:23-cv-00060-BO-KS, Dkt. 12; *see also Cirillo v. Citrix Systems, Inc.*, 5:21-cv-00088-BO. Dkt 94. These arm's-length negotiations involved counsel and a mediator well-versed in wage and hour law, raising a presumption that the Settlement meets the requirements of due process. Moreover, there is no evidence whatsoever of any coercion or collusion or any other improper dealing that would lead to a finding that the negotiations were in any way unfair. *See West*, WL 1146642, at *5 ("[T]here is no evidence in the record before the Court, nor has there been any suggestion by anyone, that there has been any fraud or collusion among the Parties or their attorneys at the terms of this Settlement.").

### Fair, Adequate, and Reasonable

7.  The settlement is substantively fair and meets all factors that illuminate this analysis. *See Sharm Farms*, 917 F.3d at 299; *Berry*, 807 F3d at 614; *In re Jiffy Lube Sec., Litig.*, 927 F.2d at 158-59; *see also Detroit v. Grinnell Corp.*, 495 F.2d 448, 452 (2d. Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

8.  The factors this Court considers are: (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in FLSA class action litigation. *See Berry*, 807 F3d at 614; *Scardelletti v. Debarr*, 43 F. App'x 525, 528 (4th Cir. 2002) (per curiam) (unpublished); *In re Jiffy Lube Secs. Litig.*, 927 F.2d at 158-59.

9. Litigation through trial would be complex, expensive, and uncertain. Thus, the posture of the case at the time the settlement was proposed weighs in favor of final approval.

10. The class members' reaction to the settlement was positive. The Notices sent to five-hundred thirty-seven (537) Class Members included extensive information regarding the claims they would be releasing as part of the settlement, their right to object or exclude themselves from the settlement, as well as an explanation of how to do so. The Notice also included information regarding how to contact the claims administrator or Class Counsel should they have questions regarding their rights or anticipated settlement amount. *See* Dkts. 108-1, Ex. 1, 110-1. Of the 537 class members, two (2) requested exclusion, and none objected to the settlement. Ex. A, CPT Declaration ¶ 12-13. This favorable response demonstrates the class approves the settlement, which further supports final approval. *See e.g., West*, 2018 WL 1146642, R *6 ("No objections have been filed in this case. It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.") (internal quotations omitted)); *Deem v. Ames True Temper, Inc.*, No. 6:10-cv-01339, 2013 WL 2285972, at *2 (S.D.W. Va. May 23, 2013) (unpublished); *In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) (collecting cases).

11. The proper question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *West,* 2018 WL 1146642, at *4; *see Riddle v. City of Anderson*, No. 8:12-cv-03480-TMC, 2015 WL 12830369, at *6 (D.SC. Jan. 26, 2015) (unpublished). They did. Defendant had provided hundreds of Excel spreadsheets for payroll and *millions* of lines of payroll and timekeeping data, including thousands of documents related to Defendant's payroll policies. This extensive document production allowed for an evaluation of current Plaintiffs' and

7

all class members' claims and the calculation of damages. Moreover, Plaintiffs had completed full briefing on both a motion for conditional certification and class certification, which provided Plaintiffs and their counsel with a wealth of information, all of which allowed them to evaluate the strengths and weaknesses of their case. Thus, the second factor weighs in favor of final approval.

12. "In complex, multi-year class actions, the risks inherent in the litigation are immense." *In re MI Windows & Doors Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 95889, at *8 (D.S.C. July 23, 2015) (citations omitted). Indeed, "settlement must be evaluated taking into account the uncertainty and risks involved in litigation and in light of the strength of the claims and possible defenses." *Id.*, 2015 WL 12850547, at *12 (D.S.C. July 22, 2015) (unpublished) (quotation omitted). Plaintiffs have to overcome probable attempts to decertify the FLSA collective action and certification of the Rule 23 Classes, if granted. As other cases predicated on similar theories of liability suggest, this threat is real. Moreover, Plaintiffs would still have to overcome Defendant's opposition to the automatic lunch and wage deductions, the proper calculation of overtime, as well as on the merits. Thus, the second and third factors weigh in favor of final approval.

13. There is no evidence whether Defendant could withstand a greater judgment. However, even if Defendant could withstand a greater judgment, a "defendant['s] ability to withstand a greater judgment standing alone, does not suggest that the settlement is unfair." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005); *see In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 178 n.9 (S.D.N.Y. 2000). Thus, given that all of the factors weigh in favor of the proposed settlement, this factor is not an obstacle to final approval.

14. The substantial amount of the settlement weighs in favor of final approval. The determination of whether a settlement amount is adequate and reasonable "does not involve the

8

use of a mathematical equation yielding a particularized sum." *Frank*, 228 F.R.D. at 186 (quotation omitted). This Court considers (1) the relative strength of the plaintiff's case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *See Sharp Farms*, 917 F.3d at 299; *In re Jiffy Lube Secs. Litig.*, 927 F.2d at 159; *West*, 2018 WL 1146642, at *4. The first two factors are the most important. *See Sharp Farms*, 917 F.3d at 299. As discussed, the Settlement Agreement meets these factors.

## APPROVAL OF THE FLSA AND RULE 23 SETTLEMENT

15. For settlement purposes only, the Settlement Classes are finally certified pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

16. The Court hereby approves the FLSA collective action settlement.

17. Settling parties routinely seek judicial approval of a proposed settlement to ensure fairness and to give effect to the FLSA releases. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F2d 1350, 1353 n.8 (11th Cir. 1982); *see also McMahon v. Olivier Cheng Catering & Events, LLC,* 2010 U.S. Dist. LEXIS 18913, at *15 (S.D.N.Y. Mar. 2, 2010). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of a settlement. *Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.* at 1354; *McMahon*, 2010 U.S. Dist. LEXIS 18913, at *15.

18. Here, the settlement was the result of a formal mediation involving arm's-length settlement negotiations. *See* Dkts. 93, 95. During the entire process, Plaintiffs and Defendant were

9

represented by counsel experienced in wage and hour law. Accordingly, the Settlement Agreement resolves an actual dispute under the circumstances supporting a finding that is fair and reasonable.

19. The Court hereby approves the Rule 23 class action settlement.

20. Courts generally approve Rule 23 class action settlement when they are fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). After due consideration and inquiry into the circumstances surrounding the proposed settlement of Plaintiff's collective FLSA claims and Rule 23 class claims under the NCWHA against Defendant, and review of the Settlement Agreement, the Court finds and concludes that the proposed settlement in this case meets the standard for approval as it reflects a reasonable compromise of a bona fide dispute. The Court finds and concludes that the proposed settlement is just and reasonable and in the best interest of the Parties. The Court further finds the settlement to have been reached in good faith. The Court further finds that the Parties' Settlement Agreement is fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23 (e). The Court finds that the approved class representatives, Danielle Cirillo and Sabrina Stiles, and Class Counsel have adequately represented the class and that the settlement proposal was negotiated at arm's length. The Court further finds that the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorneys' fees, including timing of payment; and (iv) the Parties' Settlement Agreement. The Court also finds that the settlement proposal treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(A)-(D).

## DISSEMINATION OF NOTICE

21. Pursuant to the Court's order preliminarily approving the Parties' settlement, (Dkt. 104), dated September 1, 2023, all Rule 23 Settlement Members were sent court-approved notices

by first-class mail at his or her last known address.

22. Thereafter, pursuant to the Court's Order granting Plaintiffs' Motion for Protective Order, notice was reissued to Class Members on November 28, 2023, with a deadline to submit a claim, request exclusion, or object to December 29, 2023.

23. The Notice fairly and adequately advised Settlement Class Members of the terms of the settlement, as well as the right of Rule 23 Settlement Class Members to opt out of or to object to the settlement, and to appear at the fairness hearing conducted on January 5, 2024. Settlement Class Members were provided with the best notice practicable under the circumstances.

24. The Notices and their distribution met with all constitutional requirements, including due process.

## AWARD OF FEES AND COSTS TO CLASS COUNSEL AND SERVICE AWARDS TO PLAINTIFF AND EARLY OPT-IN

25. The court hereby grants Plaintiff's Motion for Attorneys' Fees and Expenses and awards Class Counsel $1,966,666.66, which is one-third of the Gross Settlement Amount.

26. Class Counsel's request for one-third of the Gross Settlement Amount is reasonable. *See Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (articulating factors to consider in analyzing whether a request for attorneys' fees in class action litigation is reasonable); *In re Outer Banks Power Outage Litig.*, No. 4:17-CV-141-D, 2018 U.S. Dist. LEXIS 161714, at *6-10 (E.D.N.C. Sept. 21, 2018) (unpublished) (collecting cases); *Hall*, 2016 WL 5416582, at *7; *Ferris v. Sprint Comme'nc Co.*, No. 5:11-cv-667-H, 2012 WL 12915716, at *3-4 (E.D.N.C. Dec. 13, 2012); *Phillips v. Triad Guar., Inc.*, 2016 U.S. Dist. LEXIS 60950, at *5 (M.D.N.C. May 9, 2016) (unpublished); *In re The Mills Corp., Secs. Litig.*, 265 F.R.D. 246, 261, 264 (E.D. Va. 2009) (same); *Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756, 758 (S.D. W. Va. 2009) ("The percentage method has overwhelmingly become the preferred method for calculating

11

attorneys' fees in common fund cases."); *see also Hess v. Sprint Communs. Co. L.P.*, 2012 U.S. Dist. LEXIS 168963, at *6 (N.D.W. Va. Nov. 26, 2012) (unpublished).

27. In applying the common fund method, the Supreme Court and Circuit Courts across the country have held that it is appropriate to award attorneys' fees as a percentage of the entire maximum gross settlement fund, even where amounts to be paid to settlement class members who do not file claims will revert to the defendant. *See Boeing Co. v. Van Gernert, et al.*, 444 U.S. 472, 481-82 (1980); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007); *Waters v. International Precious Metals Corp.*, 190 F.3d. 1291, 1296-97 (11th Cir. 1999).

28. No Class Member objected to Class Counsel's request for one-third of the fund, which also provides support for Class Counsel's fee request. *See e.g., In re Outer Banks Power Outage Litig.*, 2018 U.S. Dist. LEXIS 161714, at *9.

29. The hours Class Counsel worked at the rates set forth in the Amended GAH Declaration yields a total lodestar inclusive of expenses calculated at $672,321.11 (or a combined total of 1,375.7 hours for a lodestar of $649,247.00 and a total of $23,074.11 in costs). Dkt. 124, ¶ 11. While the current lodestar multiplier is approximately three (3), Class Counsel's lodestar and expenses will increase as the settlement progresses, reducing the ultimate applicable multiplier. In light of the fact that Class Counsel will likely perform additional work after the fairness hearing, Class Counsel's request is rendered even more reasonable and will approximate the lodestar amount. *See ECOS*, 671 F. Supp. at 400-01; *In re Montgomery Cty.*, 83 F.R.D. at 323; *Reyes v. Altamarea Grp., LLC*, No. 10-cv-6451 RLE, 2011 WL 4599822, at *7 (S.D.N.Y. Aug. 16, 2011).

30. The attorneys' fees and the amount in reimbursement of expenses shall be paid from the Gross Settlement Fund in accordance with the Settlement Agreement.

31. The Court finds reasonable a service award for Named Plaintiff Danielle Cirillo in

the amount of $100,000, and a service award for Named Plaintiff Sabrina Stiles in the amount of $50,000, in recognition of their support and significant efforts in furtherance of the litigation and settlement, as well as the ongoing risks they each endured.

32. Consistent with the terms of the Settlement Agreement, the "Effective Date" of the settlement shall be 31 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved in favor of final approval. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

## SETTLEMENT ADMINISTRATOR

33. The Court confirms its prior Order appointing CPT as the Settlement Administrator in this case, (Dkt. 104), and the duties CPT was previously ordered to perform therein in conjunction with any order granting final approval to the Settlement in this action.

34. Consistent with the Court's prior Order appointing CPT Group as Settlement Administrator, CPT shall determine the total amount of its services and expenses in connection with the administration of the settlement in this action prior to the distribution of any amounts from the Qualified Settlement Fund it established in connection with this Settlement.

35. Within thirty (30) calendar days after the Effective Date of the Settlement Agreement, and/or the date upon which the Settlement Administrator provides Defendant with payment instructions including all details needed for Defendant to issue payment Defendant shall deposit into the Qualified Settlement Amount ($5,900,000.00), less any amounts not claimed by Settlement Class Members, as instructed by CPT in a Qualified Settlement Fund account to be established by CPT.

- Within five (5) calendar days after receipt of the Gross Settlement Amount, or

within five (5) calendar days of a court order in this Litigation awarding Plaintiff's Attorney's Fees and Plaintiff's Litigation Expenses to Plaintiff's Attorneys, whichever is later, paying Class Counsel one-third of the Gross Settlement Amount ($1,966,666.66); and paying the service award to Named Plaintiff Danielle Cirillo in the amount of $100,000; the service award to Named Plaintiff Sabrina Stiles in the amount of $50,000; each in recognition of their support in prosecuting this case.

36. Within fifteen (15) calendar days after the Gross Settlement Amount is deposited into the Qualified Settlement Fund, the Settlement Administrator shall distribute the funds in the fund by making the following payments:

- Paying the remainder of the fund (less the amounts set aside for payment of CPT's own fees) to both FLSA and Rule 23 Settlement Class Members who timely returned the required claim form in accordance with the allocation plan described in the brief in support of preliminary approval of the settlement.

37. Settlement payments shall be made to each member of the Rule 23 Settlement Class who CPT determines correctly and timely submitted a court-approved claim form, as required by the Settlement Agreement and the Court's Order granting preliminary approval. Dkt. 104. Upon the Effective Date, this litigation shall be dismissed with prejudice, and all Rule 23 Class Members who did not timely exclude themselves from the settlement, Opt-in Plaintiff, and the Named Plaintiff shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the settlement. Specifically, as stated in the Settlement Agreement, this means:

- Upon the Effective Date, the Named Plaintiffs and Select Opt-in Plaintiffs who have separately executed a General Release, hereby forever completely settles, compromises, releases,

14

and discharges Defendant from any and all claims that are based upon, relate to, or arise out of or reasonably could have arisen out of the facts, acts, transactions, occurrences, events or omissions, alleged in the Litigation or by reason of the negotiations leading to this Agreement, including, but not limited to any claims under the FLSA and the NCWHA, except to the extent that any such claim may not be waived as a matter of law, and consistent with the fully executed General Release. Dkt. 97-1.

- Upon the Effective Date, Authorized Claimants who opted into the case as of the date of the Agreement, but who are not Named Plaintiffs or Select Opt-in Plaintiffs, hereby fully and completely release Defendant and its past, present and future subsidiaries, affiliated companies, divisions, successors, predecessors, affiliates and assigns and all of their respective current or former owners, officials, directors, officers, shareholders, agents, employee benefit plans, plan administrators, representatives, representatives, employees, and attorneys from any and all claims, whether known or unknown, under the FLSA, the NCWHA, and any other wage-related or recordkeeping-related claims under any other applicable laws, and regulations, from September 29, 2017, through the date of this Order Granting Final Approval, including, but not limited to, (i) any and all claims for unpaid wages, minimum wages, overtime, late payment of wages, retaliation for complaining about wages or for asserting wage-related claims; and (ii) any and all claims under state and federal law for earned wages, overtime, and/or missed or interrupted meal breaks, including such claims for breach of express contract or labor agreement, implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records. Dkt. 97-1, § VI(A).

- Each and every Settlement Class Member who did not return a Claim Form (and

15

Case 5:21-cv-00088-BO    Document 129    Filed 01/05/24    Page 15 of 16

who are not a Named Plaintiff or Select Opt-in Plaintiff) hereby forever completely settles, compromises, releases, and discharges Defendant from any claims they have against Defendant under the NCWHA relating to the payment or non-payment of wages prior to the date the Court issuing this Order Granting Final Approval. *See* Dkt. 97-1, § VI(A).

38. Pursuant to the Settlement Agreement, the Named Plaintiffs, Opt-in Plaintiffs, and all Rule 23 Settlement Class Members who did not timely request exclusion are further barred from accepting, recovering, or receiving any back pay, liquidated damages, or other damages, or any other form of relief based on any claims asserted or settled in this action which may arise out of, or in connection with any other individual, class, collective, representative, administrative, or arbitral proceeding pursued by any individual, class, union, or federal, state or local governmental agency against Defendant, and are enjoined from pursuing any claim released as part of this settlement, (Dkt. 97-1, § VI(A)), with the exception that for those Rule 23 Settlement Class Members who did not opt into the FLSA action, their FLSA claims are preserved. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

SO ORDERED. This 5 day of January 2024.

_____
Terrence W. Boyle
United States District Judge